ties cited. In Re Randall, 152 N. Y. 508, 515, 56 N. E. 945, Shakespeare v. Markham was discussed and it was said that the said section of the Revised Statutes was substantially reproduced in section 2739 of the Code, which, although repealed in 1893, was re-enacted in section 2731. And in Re Walker, 136 N. Y. 20, 27, 32 N. E. 633, 634, the court say: "The entire scheme of the statute creating and defining the powers of that officer [the surrogate] has carefully excluded from him the cognizance of disputed claims against the estate of deceased persons, unless it is a debt due to an executor or administrator, or one provable in proceedings for the sale of real estate." Ludwig v. Bungart, 48 App. Div. 613, 63 N. Y. Supp. 91, was not cited to us, but the majority of the court are of opinion that it is conclusive authority in this case. All that I need notice in Ludwig v. Bungart is the first cause of action, which sought a judicial construction of the will, and which was dismissed at special term on the ground that the court should decline to exercise its jurisdiction, inasmuch as the surrogate had jurisdiction. This court said: "No case is cited to us in which the supreme court, having power to construe a will, has declined to do so on the ground that it might also be construed in the surrogate's court, unless at the time of the institution of the equity suit there was already pending before the surrogate a proceeding in which the construction of the will might just as well be obtained." It is true that in the course of the opinion the learned court said: "The rule is that, where both tribunals have equal jurisdiction, the cause should be retained and disposed of in the forum where judicial action was first sought. Schuehle v. Reiman, 86 N. Y. 270; Garlock v. Vandevort, 128 N. Y. 374, 28 N. E. 599." In Schuehle v. Reiman, supra, the court say: "It would seem, also, that, if both tribunals whose interference has been invoked have equal or concurrent jurisdiction, it should continue to be exercised by that one whose process was first issued." To sustain the rule, there are three cases cited. In the first (Rogers v. King, 8 Paige, 209) the chancellor said: "If the same party who files a bill in this court against such executor or administrator subsequently cites him to account before the surrogate, the pendency of the suit here for the same object ought to be allowed by the surrogate as a valid objection to the proceeding there, in the nature of a plea in abatement." In the second case cited (Groshon v. Lyon, 16 Barb. 461), the trustee had petitioned for leave to account, for his discharge, and for the appointment of a substitute, and a reference had been ordered. It was held that the action barred an action by the cestuis que trustent to remove the trustee and to compel an account, for the reason that the first action afforded full relief. In the third case cited (Travis v. Myers, 67 N. Y. 542), different actions had been brought by creditors in behalf of themselves and other creditors against an assignee for an accounting, and the court was held empowered, under the statute and the practice, to compel all creditors to prove their claims in the first action brought. In the second authority cited in Ludwig v. Bungart (Gar-

lock v. Vandevort, supra), the special term dismissed the complaint in an action to construe a will on the ground that there was pending in the surrogate's court a proceeding wherein the surrogate could construe the will as challenged, and the decision sustained the court, holding that the jurisdiction of the surrogate's court in the premises was equal to and concurrent with that of the supreme court, and, as it had first obtained jurisdiction, it should retain it, citing Schuehle v. Reiman, supra. But, as I have stated, the case at bar is for an accounting, and the relief asked incidental thereto is especially committed to the jurisdiction of the surrogate. The propriety of an exercise of jurisdiction by the supreme court was forthwith challenged by a demurrer, and, in the absence of any special reason shown why this court should exercise jurisdiction, I think that it should decline to entertain it. I think that the rule applicable to this case is enunciated in Sanders v. Soutter, 126 N. Y. 200, 27 N. E. 265: "A court of equity possesses jurisdiction, concurrent with the surrogate's court, to entertain an action or proceeding for an accounting by executors. Haddow v. Lundy, 59 N. Y. 320. It seems to be the rule that the supreme court, in the exercise of its discretion, will decline to take jurisdiction of an action for an accounting by the representatives of the estate of a deceased person, unless special facts and circumstances are alleged showing that the case is one requiring relief of such a nature that the surrogate's court is not competent to grant it, or some reason assigned or facts stated to show that complete justice cannot be done in that court. Wager v. Wager, 89 N. Y. 161; Chipman v. Montgomery, 63 N. Y. 221; Anderson v. Anderson, 112 N. Y. 115, 19 N. E. 427; Haddow v. Lundy, supra. But when a court of equity obtains jurisdiction of the matter for some special purpose, as to set aside a fraudulent deed or settlement made between the executors and parties interested in the estate, or to grant some other special relief not within the power of the probate court, it may, and very frequently does, retain the case for all purposes, and decree a complete administration settlement and distribution of the entire estate. 1 Pom. Eq. Jur. §§ 234, 235; 1 Story, Eq. Jur. (13th Ed.) c. 7, §§ 423, 424; Fisher v. Hubbell, 1 Thomp. & C. 97." The same learned judge who wrote in Garlock v. Vandevort, supra, wrote for the court in Hard v. Ashley, supra, and his intimation, as quoted in the first part of this opinion, is too plain to be disregarded by me. The surrogate's court adequately can deal with the failure to account, with the omission to pay over the income, and with the claim of the executors of William Steinway against the executor of George Steinway. No reasons appear why the supreme court should take jurisdiction, and I think that the parties should be relegated to the court of the surrogate. The interlocutory judgment should be reversed, and the demurrer sustained, but without costs of this appeal to either party.

STOUTENBURGH v. DAVISON et al. (Supreme Court, Appellate Division, Second Department. March 22, 1901.) Action by John

H. Stoutenburgh, as trustee, etc., of Samuel Browning, deceased, against Charles G. Davison, the Ozone Park Land Company, Maria Van Wicklin, Guillaume A. Rensens, William P. Harvey, and the Woodhaven Bank. No opinion. Orders affirmed, with $10 costs and disbursements.

STROSINSKY, Respondent, v. GEORGE BECHTEL BREWING CO., Appellant. (Supreme Court, Appellate Division, Second Department. March 8, 1901.) Action by David Strosinsky, an infant, by Oscar Strosinsky, his guardian ad litem, against the George Bechtel Brewing Company. No opinion. Judgment and order unanimously affirmed, with costs.

SYRACUSE SOLAR SALT CO., Respondent, v. ROME, W. & O. R. CO., Appellant. (Supreme Court, Appellate Division, Third Department. March 15, 1901.) Action by the Syracuse Solar Salt Company against the Rome, Watertown & Ogdensburg Railroad Company. No opinion. Motion granted, upon payment of $10 costs by plaintiff.

TAMS et al., Respondents, v. WITMARK et al., Appellants. (Supreme Court, Appellate Division, First Department. March 22, 1901.) Action by Arthur W. Tams and others against Marcus Witmark and others. B. Loewy, for appellants. J. A. Douglas, for respondents. No opinion. Order affirmed, with $10 costs and disbursements.

THOMPSON, Appellant, v. WILBUR et al., Respondents. (Supreme Court, Appellate Division, Third Department. March 6, 1901.) Action by John F. Thompson against David F. Wilbur, Albert Lilienthal, and others. No opinion. Judgment unanimously affirmed, with costs.

THOUSAND ISLAND PARK ASS'N, Respondent, v. TUCKER, Appellant. (Supreme Court, Appellate Division, Fourth Department. March 26, 1901.) Action by the Thousand Island Park Association against Oro Tucker. No opinion. Order affirmed, with $10 costs and disbursements.

THOUSAND ISLAND PARK ASS'N, Respondent, v. TUCKER, Appellant. (Supreme Court, Appellate Division, Fourth Department. March 26, 1901.) Action by the Thousand Island Park Association against Ora Tucker. No opinion. Judgment affirmed, with costs.

THURSTON, Respondent, v. TOWN OF ANNSVILLE, Appellant. (Supreme Court, Appellate Division, Fourth Department. April 2, 1901.) Action by Daniel B. Thurston against the town of Annsville. No opinion. Judgment and order affirmed, with costs.

TOSCH, Plaintiff, v. TOSCH, Defendant. (Supreme Court, Appellate Division, Fourth Department. March 19, 1901.) Action by Marie Tosch against Herman Tosch. No opinion. Order affirmed, with $10 costs and disbursements.

In re TOWN OF BELFAST. (Supreme Court, Appellate Division, Fourth Department. March 19, 1901.) In the matter of the certificate of the commissioners of highways of the town of Belfast, in the county of Allegany, as to the necessity of laying out a highway through the orchard of Jonathan J. Gleason in said town. No opinion. Order of county court confirmed.

TOWNSEND et al., Respondents, v. STOKES, Appellant. (Supreme Court, Appellate Division, Second Department. March 8, 1901.) Action by Rudolph Townsend and another against Edward S. Stokes. No opinion. Judgment of the municipal court affirmed, with costs.

TRAVIS v. HOWARD LOCKWOOD & CO. (Supreme Court, Appellate Division, First Department. March 15, 1901.) Action by Judson C. Travis against Howard Lockwood & Co. No opinion. Appeal dismissed, with $10 costs.

TRIEST et al. v. ROGERS. (Supreme Court, Appellate Division, First Department. March 22, 1901.) Action by Hans Triest and another against James Rogers. No opinion. Motion to file new undertaking granted.

TUXEDO PARK ASS'N, Respondent, v. STERLING IRON & RY. CO., Appellant. (Supreme Court, Appellate Division, Second Department. March 8, 1901.) Action by the Tuxedo Park Association against the Sterling Iron & Railway Company. No opinion. Appeal transferred to the First department.

VACARO, Respondent, v. METROPOLITAN ST. RY. CO., Appellant. (Supreme Court, Appellate Division, Second Department. March 15, 1901.) Action by Gaspero Vacaro against the Metropolitan Street-Railway Company. No opinion. Order affirmed, with $10 costs and disbursements.

VILLAGE OF COLLEGE POINT, Respondent, v. RAUSCH et al., Appellants. (Supreme Court, Appellate Division, Second Department. March 8, 1901.) Action by the village of College Point against Anton Rausch and others. No opinion. Order affirmed, with $10 costs and disbursements.

WARREN, Respondent, v. AMERICAN ELECTRICAL & MAINTENANCE CO., Appellant. (Supreme Court, Appellate Term. April 19, 1901.) Action by Alfred K. Warren against the American Electrical & Maintenance Company. From a judgment of the New York municipal court in favor of plaintiff, defendant appeals and moves for a new trial. Affirmed. Frank E. Keipple, for appellant. Shiland & Honeyman, for respondent. PER CURIAM. Judgment affirmed, with costs, and motion denied, with $10 costs.